Andrew DAROS, Plaintiff–Appellant,

v.

CHASE MANHATTAN BANK and Visa U.S.A., Defendants–Appellees.

No. 01–7365.

United States Court of Appeals, Second Circuit.

Oct. 1, 2001.

Andrew Daros, Brooklyn, NY, pro se.

Anne E. Petit, Quirk and Bakalor, P.C., New York, NY, for appellee.

Present WILFRED FEINBERG, RICHARD J. CARDAMONE and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Andrew Daros appeals from a judgment entered in the United States District Court for the Eastern District of New York on March 20, 2001, that granted summary judgment dismissing his Fair Debt Collections Practices Act ("FDCPA") complaint against defendants Chase Manhattan Bank ("Chase") and Visa U.S.A. ("Visa").

In his complaint, filed on May 18, 2000, Daros alleged that a car rental company gave him a blank charge slip to sign and then used it to bill a fictitious charge of $113.25 to his Visa Credit card, which had been issued by Chase Manhattan Bank U.S.A., N.A. ("Chase U.S.A."), an affiliate of named defendant Chase. Although Daros notified Chase of the fraud, it declined to make an adjustment after the car rental company supplied it with a copy of the charge slip Daros had signed. Chase also made frequent collection calls to Daros. Daros sought damages of $100 million plus removal of the contested debt from his credit card.

Defendants moved for summary judgment arguing that (1) *res judicata* barred plaintiff's claims because the Small Claims Part of the New York Civil Court for the County of Kings previously had dismissed Daros' claims based on the same incident against defendants; (2) the statute of limitations ran before Daros filed his lawsuit; (3) Visa had no involvement in the incidents of which Daros complained; and (4) neither Chase nor Chase U.S.A. was a debt collector. In support of their fourth argument, defendants offered the affidavit of James Gallagher, a vice president of Chase who made the following unrefuted allegations: (1) Chase's principal business was offering customers access to financial services and not the collection of debt; (2) Chase U.S.A. was a corporate affiliate of Chase, and Chase U.S.A.'s principal business was issuance and ownership of credit cards accounts and receivables, auto loans and auto leases, and mortgages, not the collection of debts; (3) Chase U.S.A. collected debts only on its own behalf; and (4) Chase collected debts only for its corporate affiliate. Stephen Theodaris, Assistant General Counsel for Visa, submitted an affidavit stating that Visa did not itself issue payment cards and that it was not involved at the consumer level of credit card transactions.

The district court granted summary judgment for all the defendants, finding that they were not debt collectors within the meaning of the FDCPA. We agree. In order to be subject to liability under the FDCPA, the person attempting to collect a debt must be a "debt collector." 15 U.S.C. § 1692e. The FDCPA excludes entities attempting to collect debts owing to them from the definition of debt collector as long as the collector does not use a name that might lead a debtor to believe a third party had become involved in the collection effort. 15 U.S.C. § 1692a(6); *see also Maguire v. Citicorp Retail Serv., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). The Act also

excludes corporate affiliates of the creditor corporation as long as the principal business of the collecting affiliate is not the collection of debts and it acts solely for its affiliates. 15 U.SC. § 1692a(6)(B). Chase U.S.A.—which was not named as a defendant—is not a debt collector because it is not alleged to have undertaken any collection activities in a false name or otherwise and it is the creditor. As the district court found, Chase, an affiliate of Chase U.S.A, also is not a debt collector because it collects debts exclusively for Chase U.S.A., which owned the debt, and its principal business is not debt collection. *See* 15 U.S.C. § 1692a(6)(B); *see also Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 979 (7th Cir.1998) The complaint also does not allege that VISA took any steps to collect a debt from Daros. Therefore, the district court correctly granted judgment to both defendants.